STATE *vs.* NOAH CLAIR.

Kennebec.     Opinion February 4, 1892.

*Manslaughter.     Instructions.     Exceptions.     Practice.*

On the trial of an indictment alleging an assault with intent to kill and murder, it is correct to instruct the jury that the respondent would be guilty of an attempt to commit manslaughter, if he assaulted the complainant in the heat of passion upon sudden provocation, with intent to kill him.

Definitions of law given by a judge in the trial of a criminal cause, which, although not altogether apposite to the question pending, are not unfavorable to the accused, cannot be the ground for exceptions by him.

ON EXCEPTIONS.

The defendant having been found guilty by the jury of the Superior Court for Kennebec County, of an assault with the intent to kill William P. Roundy, filed exceptions to some of the instructions of the presiding justice. They are stated in the opinion.

*C. E. Littlefield*, Attorney General, and *L. T. Carleton*, County Attorney, for the State.

*S. S. Brown*, for defendant.

PETERS, C. J. The respondent was found guilty of an assault with intent to kill, on an indictment which alleges that he assaulted one Roundy, "with intent, him the said Roundy, wilfully, feloniously and of his malice aforethought, to kill and murder."

The facts are not reported and the respective counsel do not quite agree in their recollection of them. The counsel for the respondent represents that the act complained of was the pushing of the complainant from a boat into a river, while opposite counsel affirms that it was more the act of beating him after he got him into the river. There is not, however, that we can perceive, any materiality in this difference as far as the law questions are concerned.

Several propositions of law were given by the judge in his charge to the jury, which as a whole are considered by the defense to be objectionable. We quote them in the order as delivered :

"There is, however, another kind of homicide known to the criminal law, and that is the killing of a human being in the heat of passion, on sudden provocation, without express or implied malice aforethought.

"The crime then committed is manslaughter at common law.

"Manslaughter at common law is the killing of a person on sudden provocation, in heat of blood, without any intention to kill him.

"An assault with intent to murder, and to kill and murder means an assault with intent to murder either in the first or second degree.

"But there may be a killing under provocation and in the heat of passion, or an attempt to kill under provocation or in the heat of passion without express or implied malice, as in case of voluntary manslaughter when the intention is formed without time for deliberation.

"Now our statutes have made a distinction between that class of assaults which are denominated assaults with intent to kill and murder, and a class which are denominated assaults with intent to kill.

"But where in the heat of blood an assault is made, the result of sudden provocation, the act so closely follows the intent as to preclude the presumption of design or deliberation, and it may also exclude the presumption of malice; and yet it may be an assault with intent to kill.

"If you shall find that he is guilty of an assault with intent to kill, or rather if you shall find that in the heat of passion, under sudden provocation, he intended to kill Roundy, then your verdict would be guilty of assault with intent to kill."

It is contended that it was injurious to the rights of the accused for the judge to say that manslaughter at common law might be committed without any intention to kill. Of course, there may be such a thing, as in cases of death caused by negligence. But in the present case the issue necessarily was whether the accused intended an injury or not. Either intentionally or unintentionally he did an injury to the complainant. The point made by the defense is, that the jury, after receiving information that manslaughter might be committed without an intention to kill, may have found the accused guilty of an attempt to commit manslaughter, although he entertained no intention to kill. It would certainly be a contradiction of terms to accuse a person of an assault with intent to commit involuntary manslaughter.

But the charge, as a whole, shows that the judge could not have so intended, and that the accused could not have been prejudiced as his counsel contends. If the charge be criticiz-

able at all, it would be that the judge dealt too lengthily in explanation of principles of the law of homicide that had no immediate connection with the issue. Definitions sometimes confuse the minds of jurors. Lord Hale said of the duties of judges, that, "a jury should be told where the main question or knot of the business lies." If that limit was exceeded in this case the accused at all events was not prejudiced thereby.

The instruction which dominated the case was evidently the one informing the jury that if they should find that in the heat of passion, under sudden provocation, the accused intended to kill Roundy, then the verdict should be guilty of an assault with intent to kill. This direction was given at the close of the charge, is direct and positive, and requires proof of an intention to kill, to establish the offense of manslaughter. This is rendered even clearer by the next following sentence : "If you should conclude that he is not guilty of either of these offenses, either with intent to kill and murder or intent to kill, then you may find him guilty of an assault and battery." It appears that an assault and battery was admitted by respondent's counsel.

Other objections to the charge are discussed by counsel, but, as before intimated, we do not perceive wherein the respondent suffered from any of the alleged erroneous interpretations.

*Exceptions overruled.*

WALTON, LIBBEY, EMERY, HASKELL and WHITEHOUSE, JJ., concurred.