JOSEPH E. MOORE, Appellant
from Decree of Probate Court.

Knox.    Opinion March 13, 1915.

*Account.   Appeal.   Decree.   Exceptions.   Guardian.   Judgment.
Order of Court.   Probate Court.*

The appellant in this case was a former guardian of Arthur T. Gould, whose
petition to reopen the first and final account of appellant, as such guardian, was
granted, and the appellant appealed from said decree to the Supreme Court of
Probate and the case was thence reported to the Law Court for determination.
The decision of the Law Court was as follows: "Decree of Probate Court
affirmed.   The case is remanded to the Supreme Court of Probate for the
County of Knox for further action in accordance with this opinion."   At the
September term, of Supreme Court of Probate, 1914, the appellant filed a
motion asking the court to state the appellant's account and make corrections,
etc.   The presiding Judge denied the motion and caused the following order
to be entered: "In the above entitled cause, it is ordered;   That in accordance
with the certificate from the Law Court, the clerk of this court enter on the
docket of the cause in this court, 'Decree of Probate Court affirmed.' "

*Held:*

1.   It nowhere appeared in the report, nor was it mentioned in argument or brief
that question was made as to any items appearing in the exceptions and now
urged here.   The case was reported for the determination of this court, and
under the rule, the decision reached is necessarily final.

2.   The case is here upon exceptions and may be considered upon that ground
alone.   The office of an exception generally is to preserve a known or supposed
right, taken upon a hostile ruling upon a matter of law, or exclusion or admis-
sion of testimony, or order imperiling an asserted right.

3.   Such exceptions must be taken in the trial court and not in the court of last
resort, or to the decree or order of such court sitting as a court of last resort.

4.   To the order of the Judge overruling the appellant's motion and entering
judgment in accordance with the order of this Court, exceptions do not lie;
otherwise, there would be no end of litigation.   A ground of exception not
stated in the trial court cannot be stated on appeal.

5.   In order to present such a question, it was essential that exceptions to the
findings be filed before judgment was rendered thereon.

6.  The right of exception under the practice in this State is conferred by statute, and is based upon some opinion, direction or judgment on the part of the court which is erroneous and adverse and prejudicial to the party excepting.

7.  When a party takes exceptions to the rulings of a presiding Justice, it is incumbent on such party to show affirmatively that there was error in such rulings and that he is aggrieved thereby.

On exceptions by appellant.  Exceptions overruled.

The appellant, a former guardian of Arthur T. Gould, filed his final account as such guardian in the Probate Court, and the same was allowed.  From this decree allowing said account, an appeal was taken to Supreme Court of Probate and the case was reported to the Law Court, and is reported in 112 Maine, 119.  At the September term of the Supreme Judicial Court, 1914, the appellant filed a motion asking the court to state appellant's account and make corrections, etc.  The presiding Justice denied the motion and ordered; "That in accordance with certificate from Law Court, the Clerk of this Court enter on the docket of the cause in this Court, 'Decree of Probate Court Affirmed.'  That the motion of appellant asking this Court to state the appellant's account and make corrections and allowances therein for his benefit, as set forth in his said motion, cannot now be entertained and acted upon by this Court."

To this order the appellant excepted.

The case is stated in the opinion.

*Arthur S. Littlefield, and Rodney I. Thompson,* for appellant.

*Alan L. Bird, and Norman L. Bassett,* for appellee.

Sitting: Spear, Cornish, Bird, Hanson, JJ.

Hanson, J.  The appellant was formerly guardian of Arthur T. Gould whose petition to reopen the first and final account of the appellant was granted by the Judge of Probate of Knox County on July 16, 1912.  From the decree of the Judge of Probate granting said petition and adjudging the amount of the liability of the appellant as such guardian, appeal was taken by the appellant to the Supreme Court of Probate, and the case was then reported by agreement to this court for determination as in 112 Maine, 119.

The case was argued at the June Law Term, 1913.  On July 1st, 1914, certificate of decision was sent down as follows:  "Decree of

Probate Court affirmed. The case is remanded to the Supreme Court of Probate for the County of Knox for further action in accordance with this opinion."

At the September term of the Supreme Court of Probate 1914, the appellant filed a motion asking the court to state the appellant's account, and make corrections, 1, in a charge of $916.35 which is erroneously stated in the opinion as $918.35, 2, for further allowance and deductions for expenses,—3, for deduction for interest charged,—4, for special allowance of $22. for interest incorrectly figured, concluding the petition as follows: Wherefore the said Moore prays that this Court will state such account, using the items determined by the Law Court, and determine the items above mentioned and the rate of interest, if any, which shall be allowed in the final decree, and correct all errors which may be found; all of which he says is in accordance with the mandate and opinion of the Law Court."

The presiding Judge denied the motion and caused the following order to be entered:

"In the above entitled cause it is ordered: That in accordance with the certificate from the Law Court the Clerk of this Court enter on the docket of the cause in this Court 'Decree of Probate Court Affirmed'; That the motion of the appellant presented and filed at this term asking this Court to state the appellant's account and make certain corrections and allowances therein for his benefit as set forth in said motion cannot now be entertained and acted upon by this Court."

The appellant excepted to this order and the case is before this court on these exceptions.

The counsel for appellant says "we do not contend that there was any power in the court to in any way modify or change the determination of the Law Court; or that there would be any power in the Court, if the Law Court had simply affirmed the decree of the Probate Court and stopped there. Such affirmance would leave nothing for the Supreme Court of Probate to do." . . . . The mandate in this case does something more than affirm the decree of the Probate Court. It sends the case back to the Supreme Court of Probate for "further action in accordance with this opinion." Counsel cites *Farnum's Appeal*, 107 Maine, 493, where the order was "and that the case stand for further proceedings in the Supreme Court of

Probate," and *Merrill Trust Company, Appellant*, 104 Maine, 577, where it was ordered, "the case is remitted to the Supreme Court of Probate sitting for Hancock County to make and enter decree in accordance with this opinion," and adds "that in each of these cases there was something further to be done in the Supreme Court of Probate."

An examination of these cases will show as counsel for the appellant says, that "there was something more to be done" in each case. The rights of the parties required the direction sent down therein. The cases were not before the court for final determination upon the merits, or in such form as to warrant final decree or direction. Here the matters before the court were well defined, the questions involved comprehended all the elements of a completed case, aside from the agreement to abide the determination of the court. The new matters now urged were not urged at any time before the decision therein, and cannot therefore be now considered in these proceedings. *Laforest* v. *Black Co.*, 100 Maine, 218.

The reasoning of the counsel for the appellant is not at variance with the law governing the case but his conclusion that there was something further to be done by the Supreme Court of Probate beyond recording the decision of this court is at variance with both the law and the facts in the case. The case was reported in full to this court and argued at length. It nowhere appeared in the report, nor was it mentioned in argument or brief that question was made as to any items appearing in the exceptions and now urged here. The items were not called to the attention of this court or opposing counsel, and thus could not have been in contemplation of this court in reaching the opinion handed down. If it were the intention of the court to authorize further action, what was such action to be? There was nothing in the case calling for a further investigation. The case was reported for the determination of this court, and under the rule the decision reached is necessarily final. But the case is here upon exceptions and may be considered upon that ground alone. The office of an exception generally is to preserve a known or supposed right, taken upon a hostile ruling upon a matter of law, or exclusion or admission of testimony, or order imperiling an asserted right, and such exception must be taken in the trial court and not in the court of last resort, or to the decree or order of such court sitting as a court of last resort. When properly taken it must as properly have the

consideration of the court. But here no reason for consideration is present. The settled law and practice is opposed to the claim of the appellant that a presiding Judge could lawfully grant the motion in the case at bar.

In *Mitchell* v. *Smith*, 69 Maine, 67, the Law Court ordered that upon filing an amendment to the writ, judgment for the demandant should be entered. Upon filing the amendment, the presiding Justice at nisi prius ordered judgment, and exceptions were taken,—the court held that "after the amendment was filed there was nothing for the presiding judge to do but to enter up judgment for the demandant. The defendant's objections and motion, if sustained, required the judge to disregard the order of this court. That he could not rightfully do. To the order of the judge overruling the defendant's objections and motion, and entering up judgment in accordance with the order of this court, exceptions do not lie. Otherwise there would be no end to litigation, as the losing party might move, at nisi prius, to set aside the mandate of this court, ordering judgment, and, if his motion is overruled, bring the case back to this court on exceptions; and this might be repeated as often as a mandate was sent down."

In *Lunt* v. *Stimpson*, 70 Maine, 250, after judgment for the defendant exceptions were taken. The exceptions were overruled by the Law Court and mandate accordingly. At the succeeding term of the Superior Court the plaintiff filed a motion for rehearing of the action upon its merits. The motion was granted and the case reheard. It was held:—that "the question, therefore, is, had the judge of the superior court authority to reopen the case after receipt of the mandate of this court 'overruling the exceptions.' This question must be decided in the negative. For as already seen the facts were found by the justice. . . . But the plaintiff's motion asks the justice to revise that finding, even after the law court has in substance ordered a judgment thereon. . . . . This he was not authorized to do. . . . For if this motion could be entertained and the case reopened as to title and what might follow so could any other and an action might be endless." See *Huntress* v. *Hurd*, 72 Maine, 450.

A ground of exception not stated in the trial court cannot be stated on appeal. Vermont Supreme Court, Jany. 12, 1914, 89 Atl., 618. In *Town of St. George* v. *Tilley*, Vermont Supreme Court, Feby. 6, 1914, 89 Atl., 474, an action of assumpsit heard by the court at

September term, 1912, and entered "with court." After the final adjournment of the term and in vacation, on March 7, 1913, the findings of fact were filed. Thereupon the defendant filed his motion for judgment, which motion was overruled and exception saved. The court then, on said March 7, entered judgment on the facts found for the plaintiff to recover the sum of $369.07 and its costs, to which judgment the defendant was allowed an exception. Thirteen days later the defendant filed in the case a paper entitled 'Exceptions to the Court's Finding of Fact,' and the same was made a part of the bill of exceptions, and the court held, that, if thereby the exceptions present for review the sufficiency of the evidence to support the findings, then the transcript of the testimony and all exhibits are referred to on that question and made to control. In order to present such a question, however, it was essential that exceptions to the findings be filed before judgment was rendered thereon. This not being done, the only questions before us are those presented by the exception to the judgment. See *Ebling* v. *Borough of Schuylkill Haven,* 91 Atl., 361.

We think the credits now claimed should have been urged at the hearing and made a part of the report to this court. Not having been reported with the case determined, the claims set up in the exceptions cannot be sustained here, whether otherwise sustainable or not. *Cowan* v. *Bucksport,* 98 Maine, 305. *Verono* v. *Bridges,* Idem., 491. See *Mather* v. *Cunningham,* 106 Maine, 115, Id., 107 Maine, 242, and cases cited. *Stenographer Cases,* 100 Maine, 275; *State* v. *Dondis,* 111 Maine, 17; *Cole* v. *Cole,* 112 Maine, 315.

The right of exception under the practice in this State is conferred by statute, and is based upon some opinion, direction or judgment on the part of the court, which is erroneous, and adverse and prejudicial to the party excepting. *State* v. *Martel,* 103 Maine, 63.

When a party takes exceptions to the rulings of a presiding Justice it is incumbent on such party to show affirmatively that there was error in such rulings and that he is aggrieved thereby. *Hix* v. *Giles,* 103 Maine, 439.

No error could be shown here. The presiding Judge caused judgment to be entered in accordance with the order of this court. Exceptions to such entry do not lie. The entry will be,

*Exceptions overruled.*