## STATE OF MAINE *vs.* HOMER B. CARTER.

### Waldo.    Opinion February 6, 1922.

*Remarks by the presiding Justice to a jury not sitting in the case at bar, unless they are an expression of opinion on some fact or facts in issue in the case at bar within Sec. 102, Chap. 87, R. S., are not subject to exceptions, the only remedy, if prejudicial, being upon motion.    The ruling of the presiding Justice, in cases of misdemeanor, upon a motion for a new trial is final, being discretionary exceptions do not lie.*

Remarks by the presiding Justice to a jury other than the one sitting in the case at bar, unless amounting to an expression of opinion as to some of the facts in issue in the case at bar within the meaning of Sec. 102, Chap. 87, R. S., are not subject to exceptions.    If prejudicial, the only remedy is upon motion.

In cases of misdemeanor, the ruling of the presiding Justice upon a motion for a new trial is final.    In such cases the granting of such a motion is discretionary with the presiding Justice and to his refusal exceptions do not lie.

On exceptions.    This is a criminal process by complaint originating in the Belfast Municipal Court, charging the respondent with possession of intoxicating liquors with intent to sell in violation of law. Respondent waived a hearing in the Belfast Municipal Court, and upon being found guilty, appealed to the Supreme Judicial Court, where a trial by jury resulted in a verdict of guilty.    The case went to the Law Court on exceptions by the respondent to certain remarks and comments made by the presiding Justice to another jury, upon a verdict of such other jury, within the hearing of the jury in the case at bar.    Exceptions overruled.    Judgment on the verdict.

The case is stated in the opinion.

*Ralph I. Morse*, for the State.

*Buzzell & Thornton*, for the respondent.

SITTING:    SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

WILSON, J.    The defendant was found guilty of illegally having in possession intoxicating liquors on complaint to the Judge of the Municipal Court for the city of Belfast, and on appeal to the Supreme

Judicial Court upon trial before a jury was again found guilty. Just at the close of the trial and as the presiding Justice was concluding his instructions to the jury, another jury which we shall hereafter refer to as the second jury, indicated their readiness to report the result of their deliberations in another criminal proceeding. Whereupon the jury in the case now before us vacated their seats, but remained in the court-room, while the second panel took the jury seats and in the case which had been submitted to them reported a verdict of "Not guilty."

The presiding Justice in discharging them spoke disapprovingly of their work as jurymen, clearly indicating that in his opinion their verdict of acquittal was unwarranted. To his remarks directed to the second jury, but, as it is claimed, within the hearing of the jury having in charge the case against this respondent, counsel for the respondent requested an exception, which was allowed.

He also filed with the presiding Justice a motion for a new trial alleging as one of the grounds, that an incident which took place in the presence of the jurors in this action, and the language and manner of the presiding Justice at the time a verdict of "not guilty" was rendered by another jury in another criminal proceeding was of such a nature as to prejudice and bias the minds of the jury in the case against the respondent. His motion for a new trial was denied by the presiding Justice and the time within which exceptions might be filed extended. Whether any exceptions were ever filed to the ruling of the court in denying the motion, the record before this court does not show. Nor is it material, as no exceptions lie in such cases.

At common law a decision by the presiding Justice at *nisi prius*, on a motion for a new trial was final. *Moulton* v. *Jose*, 25 Maine, 76, 85. The only redress in case of denial in this State is provided in Sec. 28, Chap. 136, R. S., in case of felonies, and that by appeal. In cases of misdemeanor, as in the case at bar, there is no redress. The decision of the Justice presiding at *nisi prius* is final, and it being a matter within his discretion no exceptions lie to his ruling. *State* v. *Simpson*, 113 Maine, 27. Hence, if respondent's exception to the denial of his motion had been filed and completed, it would not have availed him.

As to his exception to the remarks of the presiding Justice to the other jury. Exceptions only lie to a ruling of the court on matters of law. *Laroche* v. *Despeaux*, 90 Maine, 178. Improper remarks by counsel, or by the court in the presence of the jury, unless within the

provisions of R. S., Chap. 87, Sec. 102, which the remarks complained of are not, can only be taken advantage of by a motion for a new trial by the party claiming to be prejudiced thereby. *State* v. *Martel,* 103 Maine, 63; *Sprague* v. *Sampson,* 120 Maine, 353, 355. Certainly remarks of the presiding Justice at *nisi prius,* of whatever nature, though within the hearing of the jury sitting in the case in which the prejudicial error is claimed, but directed to the members of another panel and in relation to the performance of their duties in another case, unless perchance amounting to an expression of opinion as to some of the facts in issue in the case at bar within the meaning of Sec. 102, Chap. 87, R. S., cannot form the basis of exceptions.

*Exceptions overruled.*
*Judgment on the verdict.*