AUBURN SEWERAGE DISTRICT *vs.* GEORGE I. WHITEHOUSE.

Androscoggin.    Opinion May 7, 1929.

*George C. Wing, Jr.*, for plaintiff.
*Berman & Berman,* for defendant.

SITTING: WILSON, C. J., DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

PATTANGALL, J. On exceptions. Action of debt to recover sewer construction assessment. Plea general issue with brief statement setting forth that defendant is not liable because the estate upon which the assessment is levied, by reason of its grade and level and the contour of the surrounding land and highways, can not be drained into the sewer for which the tax is assessed.

The case was tried before a single Justice, without a jury, and judgment rendered for the plaintiff.

The plaintiff, a quasi municipal corporation, was created by Chap. 193 of the Private and Special Laws of 1917, amended by Chap. 82 of the Private and Special Laws of 1919. Sec. 2 of the Act provides that "all powers and duties which may be exercised with respect to the sewer system conferred upon the City of Auburn or upon the municipal officers of the City of Auburn by the general laws of the State, except as hereinafter excepted, shall be vested in the Auburn Sewerage District."

Sec. 3 provides for the transfer from the City of Auburn to the district of the entire sewerage system "except the street catch-basins and their connection with the sewer mains" and the City of Auburn has, since the taking over of the system by the district, continued to own and control the catch-basins and has built new catch-basins from time to time, connecting them with plaintiff's sewer system.

Defendant is the owner of a lot of land in Auburn on which are two houses. Plaintiff constructed a sewer along one of the streets bounding the property. Both houses connect with the sewer and it is admitted that defendant's needs so far as domestic or toilet sewage are concerned are satisfactorily served. But no catch-

basins have been constructed in connection with the sewer although it is of sufficient capacity to take care of surface drainage and defendant's refusal to pay the assessment rests upon the failure of the district to provide means to care for the flow of surface water which by reason of the contour of the land flows upon his lot from adjoining property.

Sec. 10 of the Act provides that "no assessment shall be made upon any estate which by reason of its grade or level, or for any other cause, can not be drained into such sewer, until such incapacity is removed."

Plaintiff asserts that it has nothing to do with the construction and maintenance of catch-basins and is under no obligation to provide drainage for surface water flowing upon and over defendant's land from the adjoining lots.

The issue, thus plainly drawn, is whether or not, as a condition precedent to its right to collect such an assessment, plaintiff must provide means to take care of surface drainage to the extent not only of constructing sewers of sufficient size and so located as to suffice for that purpose but to construct appropriate catch-basins and connect them with the sewer.

As has already been noted, the district assumed the powers and duties with respect to sewers which were conferred upon the City of Auburn, by the general laws of the state. No additional obligation was imposed upon it. Indeed, it was specifically relieved from the purchase of the catch-basins then existing, together with their connections with the mains and inferentially from the duty of maintaining them or of constructing additional catch-basins. Even if this were not so, it could not reasonably be claimed that its duty to the defendant embraced more than the duty with which the city was burdened when the district was formed and the city was under no obligation to provide means by which surface water might be enabled to enter into and pass through its sewers. *Dyer* v. *South Portland*, 111 Me., 119. Hence no such obligation rested upon the district.

Defendant raises the further point that the assessment is void because the manner of determining it as provided in Sec. 10 of the Act is contrary to law, in that there is no provision either for notice or hearing, but on the contrary a definite and positive li-

ability for such assessment upon each abutter is established by an arbitrary and general rule which does not take into account the benefit accruing to the land owner and cites authorities to sustain the proposition that "A statute or charter authorizing special assessments, which fails to provide for notice to property owners and an opportunity to be heard at some stage of the proceedings, is unconstitutional, as depriving persons of their property without due process of law."

This objection can not be considered here. It is not open to defendant in these proceedings. The point was not raised in the court below. It is not covered by the bill of exceptions. No reference to it appears in the record. The bill of exceptions recites that the contention of the defendant is set forth at length in the decision of the court. There is no mention of this contention in that decision. This court has decided many times that questions not raised at the original trial are not open on exceptions. *McKown* v. *Powers,* 86 Me., 291; *Lenfest* v. *Robbins,* 101 Me., 176; *State* v. *Chorosky,* 122 Me., 283.

*Exceptions overruled.*