STATE OF MAINE

*vs.*

GEORGE BRAGG.

Oxford.    Opinion, December 5, 1944.

*Theodore Gonya,* for the State.

*Robert T. Smith,*

*Benjamin L. Berman,* for the respondent.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

STURGIS, C. J. The respondent was convicted in the Court below of unlawfully and carnally knowing and abusing a female child under fourteen years of age contrary to R. S., (1930), Chap. 129, Sec. 16 and his appeal and exceptions reserved are before this Court.

APPEAL.

When the prosecutrix, a little girl of eight years, returned on the morning of June 17, 1943 from a visit to her grandparents she complained to her mother and father and others that she had been carnally abused on her way home, and medical examinations confirmed her story. At the trial, identifying the respondent with whom she was well acquainted, as her assailant, she described what had taken place, and while no one saw the attack, important parts of her testimony were corroborated by facts and circumstances related by persons who were in the vicinity. Although the respondent protested his innocence we are convinced that the jury were warranted in believing beyond a reasonable doubt and finding that he was guilty of the charge laid against him in the indictment.

The respondent, through counsel, however, argues that regardless of whether on the evidence the verdict was right the appeal should be sustained for errors in rulings of law and improper comments by the trial judge. This contention does not require extended discussion. An appeal may be sustained in a criminal case for errors of law by the court to

which exceptions are not reserved and injustice would otherwise inevitably result. *State* v. *Wright*, 128 Me., 404, 148 A., 141. And a new trial may be granted for prejudical remarks by the court outside rulings in matters of law. *State* v. *Carter*, 121 Me., 116, 115 A., 820. Here, however, the alleged errors of law apparently relied upon are presented in exceptions perfected and their review lies there. And no objectionable comments by the trial judge are found in the record.

### EXCEPTIONS 1 AND 2.

These exceptions, it is conceded, are directed to what are characterized as leading questions propounded to the prosecutrix by the county attorney. If leading, which need not here be decided, it was within the sound discretion of the trial judge to allow such questions to this witness in the progress of her examination in chief and exceptions do not lie to the admission of her answers. *State* v. *Lull*, 37 Me., 246; *Blanchard* v. *Hodgkins*, 62 Me., 119; *Harriman* v. *Sanger*, 67 Me., 442.

### EXCEPTIONS 3 AND 4.

In the examination of the parents of the ravished child concerning her complaints the mother was interrogated as follows:

"Q.  Kindly answer this next question, yes or no, if you will. When they brought her home did she make any complaint to you that she had been carnally a-bused that morning?    A.   Yes."

The father's testimony in its material parts reads:

"Q.  When you saw her at Herman Ridlon's, did she make a complaint to you that she had been carnally abused that forenoon?    A.   Yes."

In oral argument the fault found by counsel for the respondent is that in allowing the witnesses to testify that the child made complaints that she had been *carnally abused,* not only the complaints but their details, were allowed to go to the jury. It is, of course, well settled that in the trial of one indicted for rape, if the prosecutrix takes the stand her testimony may be corroborated by proof that she made a complaint through the testimony of the person to whom it was made but the details of the complaint are not admissible unless her testimony has been impeached, or the complaint is within the rule of *res gestae. State* v. *King,* 123 Me., 256, 122 A., 578. But it is uniformly held that this rule is not violated if not more is admitted than is sufficient to show the nature of the complaint. *State* v. *Powers,* 181 Ia., 452, 164 N. W., 856; *Com.* v. *Cleary,* 172 Mass., 175, 51 N. E., 746; *Blake* v. *State,* 157 Md., 75, 145 A., 185; *State* v. *Dawson,* 88 So. Car., 225, 70 S. E., 721; 52 Corpus Juris, 1067, n. 92 and cases cited. If context and reference disclose the subject matter of a complaint made in a rape case further description is unnecessary. *State* v. *Mulkern* 85 Me., 107, 26 A., 1017. Here the mere recital that complaints were made would have been unintelligible and a disclosure of their nature was necessary. We think the words *carnal abuse* only served that purpose and their use was unobjectionable.

No more convincing is the contention that the oft repeated framing of the questions relating to the prosecutrix's complaints, in the manner and form submitted, was calculated to prejudice the jury against the respondent. The questions were reframed and repeated because of objections by counsel for the defense, as finally submitted were admissible in form and substance, and the evidence was material to the issues. There is no ground for complaint here.

EXCEPTIONS 5, 6 AND 7.

As this case was presented the main and controlling question was whether the testimony of the prosecutrix was true or false and it was the duty of the trial judge to so instruct the jury. *State* v. *Clair*, 84 Me., 248, 251, 24 A., 843. And the suggestion, but not direction, that the jury give this question first consideration could not have done more than encourage intelligent and orderly deliberation and point the way to an early determination of the dominant issue of whether the respondent was guilty or innocent. Neither this nor the statement that the question was whether or not the prosecutrix was lying and a perjurer confused or misled the jury. They returned a just and true verdict according to the law and the evidence. There was no harmful error here for which exceptions can be sustained. *Reed, et al.* v. *Power Co.*, 132 Me., 476, 172 A., 823; *State* v. *Priest*, 117 Me., 223, 103 A., 359.

Nor was there error in making known to the jury that the prosecutrix was not a party litigant but a witness who with others summoned by the prosecution, could be compelled to attend and testify and, if honest and upright citizens, must tell the truth. It is elementary that the prosecutrix is not a party in a criminal case and personally has nothing to gain or lose by the outcome. By statute summons may issue to her and all other witnesses for the State and the punishment for failing to appear is severe. R. S., (1930), Chap. 146, Sec. 15, 16. So, too, a witness who fails to answer questions allowed by the Court may be fined or committed to jail. R. S., (1930), Chap. 96, Sec. 123. And the admonition that witnesses summoned to Court if they are honest and upright citizens must tell the truth was undoubtedly intended and could only be understood to be general in its application and a statement of what every honest and upright witness is morally required to do and a truism which brooks no denial.

If in this recital of elementary and axiomatic rules and principles lies an inference that the prosecutrix is entitled to greater credence than other witnesses and must be believed, which we do not find, it was entirely removed by the instruction which immediately followed that the question of whether she was telling the truth or was lying was for the jury to determine. The correctness of a charge is not to be determined from isolated statements extracted from it without reference to their connection with what precedes or follows. *State* v. *Day,* 79 Me., 120, 125, 8 A., 544.

Nor can an inference that the State does not have the burden of proving the guilt of the respondent beyond a reasonable doubt in a criminal case be drawn from an instruction that the process of the court is available to the respondent as well as the prosecution to compel the attendance of needed witnesses. Apparently this statement of the law related only to the inferences which might be drawn from the absence of persons from the stand who might have been called to testify and undoubtedly was so understood. The burden of proof resting upon the State as clearly and fully defined in other parts of the charge was in no way here modified.

The final objection that in the charge as given the jury were led to believe, and to their prejudice, that the details of a complaint made by the prosecutrix were admissible in evidence is groundless. No more was said relative to the complaint than was necessary to identify its nature and in immediate connection the jury were told that the law did not allow a recital of details. This was a correct statement of the law but with it the jury had no concern. The admissibility of details of the complaint was not submitted to the jury for determination. Their province was to pass upon the evidence before them, not to determine its admissibility. The Court alone had the right to decide that question. *Winslow*

v. *Bailey*, 16 Me., 319, 321. The jury were not judges of the law. *State* v. *Stevens,* 53 Me., 548; *Horan* v. *Boston Elevated Railway Co.*, 237 Mass., 245, 248, 129 N. E., 355.

EXCEPTION 8.

Under the settled law in this jurisdiction the refusal to instruct the jury on the law of assault with intent to rape, assault and battery and assault, as requested, cannot be deemed prejudicial error. *State* v. *Black*, 63 Me., 210.

Convinced, as we are, that on the evidence the respondent was undoubtedly guilty of the crime of which he was convicted and there were no exceptionable errors in the trial of the case, the entry is

> *Appeal dismissed.*
> *Motion for a new trial denied.*
> *Exceptions overruled.*
> *Judgment for the State.*