STATE of Maine

v.

Carl E. MOORE.

Supreme Judicial Court of Maine.

Oct. 3, 1977.

David W. Crook, Asst. Dist. Atty., Skowhegan, for plaintiff.

Butler & Bilodeau by William Thomas Hyde, Skowhegan, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

PER CURIAM.

The defendant, Carl Moore, was convicted of carnal knowledge [1] following a jury trial in the Somerset County Superior Court. From a judgment entered against him, the defendant appeals. We deny the appeal.

The victim was a ten-year-old niece of the defendant. On the morning of December 6, 1975, she went to the defendant's house at his request. While they were alone, the defendant raped his niece. In a three-count indictment Moore was charged with carnal knowledge, crime against nature (sodomy),[2] and indecent liberties.[3]

1. 17 M.R.S.A. § 3151.

2. 17 M.R.S.A. § 1001.

3. 17 M.R.S.A. § 1951.

During trial, the sodomy count was dismissed by the State for insufficiency of the evidence. Indecent liberties was dismissed as a lesser included offense following the jury verdict of guilty on the carnal knowledge count.[4]

The principal issue on appeal stems from the State's alleged misconduct in examining the prosecutrix with respect to the sodomy charge. On direct examination, the prosecutor asked the victim:

Q. Well, before you left there did he do anything else with his—with his dink?

A. Nope.

Q. Did he go anywhere near your mouth with his dink?

A. (Shaking head in the negative).

Mr. Hyde (defense counsel): I object, your Honor.

Court: Sustained. You can find out from her what he did.

A few minutes later, the prosecutor asked:

Q. Did he—at any time did he go near your mouth or touch your mouth?

Mr. Hyde: Object, your Honor.

Court: Sustained.

A. Nope.

Shortly thereafter, the prosecutor again inquired:

Q. Did your uncle Carl ever touch you anyplace else?

A. Nope.

Q. Did he ever put anything near your mouth or—

Mr. Hyde: Object.

Court: We've been through this and she's answered it, and that's it. I've sustained the objection.

The defendant alleges that this repetition was an attempt by the prosecutor both to inflame the jury by branding him as aberrant and to appeal to the natural sympathies of the jury toward a young girl. We disagree.

A question is not impermissible merely because it is inflammatory. *State v. Graves*, Me., 224 A.2d 57, 60–61 (1966). If a question is proper in form and substance, a prosecuting attorney is free to persist in his inquiry until he receives a complete answer. *See State v. Bragg*, 141 Me. 157, 161, 40 A.2d 1, 3 (1944). In *Bragg*, the defendant was charged with raping a female child. The defendant alleged that the repetitious questioning of the victim's parents was prejudicial to his defense. In rejecting this argument, the Court stated:

No more convincing is the contention that the oft repeated framing of the questions relating to the prosecutrix's complaints, in the manner and form submitted, was calculated to prejudice the jury against the respondent. *The questions were reframed and repeated because of objections by counsel for the defense, as finally submitted were admissible in form and substance*, and the evidence was material to the issues. *Id.* (emphasis added).

Here, as in *Bragg*, the State's inquiries were reframed and rephrased because of objections by the defendant. The problem in this case concerns the alleged impropriety in the manner and form of the questions. As a general rule, leading questions are inadmissible on direct examination. However, children may be asked leading questions on direct examination in the trial court's sound discretion. *State v. Bennett*, 158 Me. 109, 112, 179 A.2d 812, 814 (1962); *State v. Bragg, supra*, 141 Me. at 160, 40 A.2d at 3; 3 Wigmore, Evidence § 778 (Chadbourn rev. 1970). In embarrassing sex crimes, where a child would be hesitant to testify, leading questions may be particularly appropriate. *Antelope v. United States*, 185 F.2d 174, 175 (10th Cir. 1950).

In this case, the prosecutor responded to each objection by phrasing his next question in a more general fashion. When the court finally prohibited further inquiry, the prosecutor assiduously obeyed the Jus-

4. We intimate no opinion on the action of the Superior Court dismissing the indecent liberties count as a lesser included offense since the issue is not before us.

tice's decision. In light of the practice permitting a child to be led on direct examination, and in the absence of any contrary ruling by the trial court, each question following an objection was substantially proper in form.

█ It is clear that the State's examination of a witness, on a matter which was the subject of a grand jury indictment, was entirely appropriate. *See State v. Graves, supra* at 60–61. Moreover, as a general rule inadvertent prejudice created during trial can be cured by appropriate judicial or prosecutorial conduct. *Cf. State v. Northrup,* Me., 318 A.2d 489, 495 (1974). A fortiori there was no error committed in this case when the State dismissed the sodomy charge and when the court cautioned the jury with an appropriate instruction.

We find the claimed errors to be without merit.

The entry shall be:

Appeal denied.

All Justices concurring.