STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss                                      CRIMINAL ACTION
                                                  Docket No. CR-09-752
                                                  NM - KEN - 6/20/2012

STATE OF MAINE
                                                  ORDER ON DEFENDANT'S
v.                                                MOTION FOR NEW TRIAL

JONATHAN M. CAREY,

        Defendant

The defendant seeks a new trial. He argues that the prosecutor impermissibly asked leading questions to the State's witnesses, Aundria St. Amand (born 7/11/95), who was the victim of the charges of unlawful sexual contact, class B, and unlawful sexual touching, class D, and Morgan Leadbetter (born 11/9/96), who was with the victim when the events occurred. The defendant argues further that the prosecutor communicated with the victim during cross-examination through head shaking and hand signals.

The defendant was convicted of both charges at the third jury trial on March 15-16, 2012. Two previous jury trials resulted in mistrials. As a result of the second mistrial, the original counts I and II were dismissed.

Leading Questions

"As a general rule, leading questions are inadmissible on direct examination. However, children may be asked leading questions on direct examination in the trial court's sound discretion. In embarrassing sex crimes, where a child would be hesitant to testify, leading questions may be particularly appropriate." State v. Moore, 377 A.2d 1365, 1366 (Me. 1977) (prosecutor "reframed and rephrased" his questions to a ten-year-old victim because of objections by the defendant); see also State v. Roman, 622 A.2d 96, 101 (Me. 1993) ("State is accorded much latitude in attempting to elicit relevant

1

testimony from a child witness."); State v. Rouselle, 559 A.2d 779, 780 (Me. 1989) (court allowed leading questions on direct examination to victims who were ten and fourteen years old at the time of trial).

The court has reviewed the portions of the trial transcript identified by the defendant.[1] Many of the prosecutor's leading questions were a repetition of the witness's testimony. (March 2012 Tr. Transcript 47, 48, 76, 77, 81, 83, 86, 87, 89.) There is no suggestion that the witness's testimony would have been different in response to other leading questions. (Id. 46, 71, 73, 74, 75, 78, 79, 80, 85, 88, 91 (see September 2011 Tr. Trans. 89-90), 92, 94.); State v. Dube, 522 A.2d 904, 910 (Me. 1987). The victim, although crying, testified about the defendant's acts that constituted sexual contact and sexual touching in response to essentially nonleading questions. (Id. 87-89.); United States v. Rossbach, 701 F.2d 713, 718 (8th Cir. 1983) (prosecution's use of leading questions was necessary and not excessive when both witnesses were hesitant to answer questions regarding the sexual assault). The court is satisfied that the prosecutor's use of leading questions did not deprive the defendant of a fair trial. Dube, 522 A.2d at 910.

Communication with Witness

In the motion,[2] the defendant alleges during the cross-examination of Aundria St. Amand regarding the positions of the three people on the mattress, the prosecutor communicated with the witness by nodding or shaking his head or by using hand signals. (Mot. 3.) The prosecutor responded in writing and at oral argument that he

---

[1] Defense counsel objected four times to the prosecutor's leading questions. (March 2012 Tr. Trans. 46, 83, 87, 92.)

[2] Hearsay statements included in a motion provide an insufficient basis for a finding of prosecutorial misconduct.

did not improperly communicate with the witness during her testimony. (State's Resp. Mot.)

The witness corrected defense counsel during the questioning regarding the positions on the mattress. (March 2012 Tr. Trans. 100-101.) It would have been difficult for the prosecutor to communicate that correction to the witness. (Id. 101, line 16.) Further, the witness's testimony on cross-examination on this issue was not different from her testimony on direct examination. (Id. 82-84.)

The entry is

The Defendant's Motion for New Trial is DENIED.

Date: August 20, 2012

Nancy Mills
Justice, Superior Court