### STATE *vs*. WILLIAM KING.

### Somerset. Opinion November 24, 1923.

*In a trial for attempted rape upon a child nine years of age the testimony of the mother as to details of a complaint made to her by the child a week after the commission of the act complained of is not a part of the res gestae,*

In this case the admission of the evidence of the mother as to the details of the complaint made to her by the child cannot be sustained as a part of the res gestae. The alleged complaint was made not immediately after the last commission of a series of acts of the nature described, but at least a week afterwards; not voluntarily, but in response to certain inquiries by the mother suggested by an incident entirely disconnected with the offense charged. It was at most a mere narrative of a past transaction.

Nor can the admission of the testimony of the mother be sustained upon the ground that it would have been admissible in rebuttal to corroborate the complainant after impeachment, and hence its admission was not prejudicial error.

The evidence does not disclose any impeachment of the complainant's testimony. Mere denial by the respondent does not constitute such impeachment as will permit in corroboration of the complainant's testimony the introduction through another witness of the details of her complaint.

The admission of such testimony cannot help but affect the minds of jurymen in some degree. The respondent has the right to insist that his conviction shall

be in accordance with the established rules of evidence. To establish such a loose rule as that invoked by the State at the trial may be fraught with grave danger.

On exceptions. The respondent was convicted on an indictment for an attempt to commit a criminal assault upon a girl nine years of age. During the trial exceptions were taken to the admission of testimony by the mother of the child giving the details of a statement made to her by the child about a week after the last assault. A general motion for a new trial was also filed. Exceptions sustained.

The case is fully stated in the opinion.

*James H. Thorne, County Attorney,* for the State.

*Pattangall, Locke & Perkins and Gower & Shumway,* for respondent.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

WILSON, J. The respondent was tried and convicted on an indictment for attempt to commit a criminal assault upon a girl nine years of age. The case is before this court on appeal from the denial by the presiding Justice at *nisi prius* of a motion for a new trial on the ground that the verdict was against the law and the evidence, it being contended by respondent's counsel that the evidence did not disclose any attempt to ravish the child, and also upon exceptions to the admission of testimony by the mother of the child in the course of the State's direct evidence giving the details of a statement made to her by the child about a week after the last alleged assault took place.

If the case rested upon the appeal alone this court would not disturb the verdict. A jury heard the evidence and believing the story of the little girl, as corroborated by her mother, it may well have found that the respondent not only took indecent liberties with her person, but further attempted to take advantage of her innocence and carnally know her.

It is with reluctance, considering the evidence in the case, that we sustain the exception to the admission of the testimony of the mother giving the details of the girl's statement to her. The respondent, however, has the right to ask that his conviction be obtained in accordance with the established principles of law. Testimony in

prosecutions for rape, that shortly after the alleged assault took place the prosecutrix related to a third party the same story in detail which she told on the witness stand cannot help but have some effect on the minds of a jury. Where the statement is not admissible as a part of the *res gestae,* nor is within any of the rules permitting hearsay evidence, it is almost inevitable that the admission of such testimony from the third party will prove prejudicial to the rights of the respondent.

The rules governing the admission of statements or complaints of the prosecutrix in cases of rape have received widely varying applications in the different jurisdictions. As one authority prefaces his discussion of the subject, it is as perplexing as any in the law of evidence. Much of the confusion seemingly has arisen from a failure to appreciate the principles underlying the rules governing the admission of this class of evidence.

A discussion of these principles may be found in Chamberlayne on Law of Evidence, Vol. IV, Secs. 3034-3043; Wigmore on Evidence, Vol. II, Secs. 1134-1140; Vol. III, Sec. 1760, 22 R. C. L., pp. 1212-1217; 41 L. R. A., (N. S.), 858, Note; Greenleaf on Ev., 16 ed., Vol. 1, Sec. 469, b.; Vol. III, Sec. 213, 33 Cyc., 462.

There is practical unanimity of opinion, that the fact that such a complaint was made is always admissible as a part of the State's evidence in chief, if the prosecutrix takes the stand, in corroboration of her evidence, but not the details of the complaint. It is, of course, also agreed that where the complaint is made under such circumstances as to bring it within the rule of *res gestae* that the details of the complaint may be admitted under that rule and as evidence of the facts related. The weight of authority also seems to support the rule that where the prosecutrix has taken the stand and her testimony has been impeached, evidence of the details of her prior statement of what occurred may be received in corroboration of her testimony given on the stand, but not as evidence of the facts stated. Greenleaf on Evidence, Vol. I, Sec. 469, b.; Chamberlayne on Law of Evidence, *supra; State* v. *Mulkern,* 85 Maine, 106; *State* v. *Knapp,* 45 N. H., 148; *State* v. *Niles,* 47 Vt., 82; *Com.* v. *Cleary,* 172 Mass., 175; *Com.* v. *Tucker,* 189 Mass., 457, 480.

It has been in the application of these rules, however, wherein the confusion has arisen, especially in extending the *res gestae* rule to include such statements made at varying intervals after the

assault took place, and in receiving not only the complaint but the details in corroboration of the prosecutrix's story either without impeachment as in Connecticut, *State* v. *Kenney,* 44 Conn., 153; in Michigan, *People* v. *Gage,* 62 Mich., 271; and in a few other states, but upon varying degrees of impeachment, with reference to which no fixed rule can be drawn from the decided cases.

The evidence of the mother in the case at bar to whom the little girl first told the story of the alleged assault was offered by the State as a part of the *res gestae,* but it was clearly beyond the scope of this rule as hitherto defined by this court. *State* v. *Maddox,* 92 Maine, 348. The statement in this case was not even voluntary, or made under the stress and excitement of the act complained of, but was elicited a week after the last of a series of such acts occurred and in response to questions suggested by an entirely disconnected incident, and was clearly no more than a mere narrative of what had occurred.

Counsel for the State cites *People* v. *Gage,* 62 Mich., 271, in support of the extension of the *res gestae* rule in this class of cases where the complainant is a girl of tender years and was under the inhibition of fear induced by threats or otherwise. But an examination of that case discloses that while some language was used indicating an application of the *res gestae* doctrine, the evidence was really admitted under the rule of corroboration through similar prior statements; and it was so held in later decisions of that court. *Peoples* v. *Hicks,* 98 Mich., 86, 89.

While a few courts have extended the *res gestae* and we think beyond its proper limits, to permit the introduction of the details of a complaint and a small minority have permitted the introduction of the details of the complaint under the corroboration rule, especially in cases where the complainant was below the age of consent the great weight of the authorities is against such a loose application of these rules; and even the Michigan Court admits in *Peoples* v. *Hicks,* supra, in speaking of *Peoples* v. *Gage,* on which the State's counsel in the case at bar relies, that such an extension borders on dangerous ground.

We see no reason advanced by any of the decided cases why this court should extend the doctrine laid down in *State* v. *Mulkern,* supra, which is as liberal as any adopted by either of the other New England States, except Connecticut, or should enlarge the rule of

*res gestae* as defined in *State* v. *Maddox,* supra, in order to admit this class of evidence even though the complainant be of tender years.

It is not necessary to decide in this case what kind or degree of impeachment is necessary in order to permit the introduction of such testimony in corroboration of the complainant's story on the stand. It is sufficient for the purpose of deciding this case to hold that the mere contradiction by the respondent of the complainant's story is not sufficient, as that would render such evidence admissible in practically every case. There does not appear to be any other form of impeachment of the testimony of the little girl in the case before us; no evidence even of prior inconsistent statements, or evidence that her testimony on the stand was of recent contrivance, or given under any threats or bias or prejudice. *Com.* v. *Jenkins,* 10 Gray, 485, 489. Nor was her testimony impeached by the cross-examination, which only resulted in confirmation of her direct testimony in every particular. There are no grounds on which it could have been received in corroboration of her testimony even in rebuttal, nor was it offered for that purpose, but in direct, and apparently as a part of the *res gestae.* If there had been sufficient impeachment of her testimony, so it might properly have been received in rebuttal, the mere fact that it was received on direct and offered as a part of the *res. gestae,* might have removed it from the realm of prejudicial error, but such does not appear to be the case. The entry must, therefore, be

*Exceptions sustained.*