**Leo J. COTE**

v.

**ALLIED CHEMICAL COATINGS, INC. and American Mutual Liability Ins. Co.**

Supreme Judicial Court of Maine.

Jan. 16, 1969.

Ronald E. Ayotte, Biddeford, for plaintiff.

Lawrence P. Mahoney, Portland, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

WEBBER, Justice.

Appellant employee appeals from a pro forma decree of the Superior Court affirming a decision of the Industrial Accident Commission dismissing appellant's petition for compensation. The appellant relies upon the following points on appeal.

1. Failure of the Commissioner to allow into evidence written statement offered into evidence by the Petitioner.

The statement in question was one taken by an insurance adjuster from petitioner but later retained by petitioner and not delivered to the adjuster. The adjuster was not a witness in the case. The document was a mere self serving declaration. It was not made admissible under the rule discussed in State of Maine v. Galloway (Me.1968) 247 A.2d 104 (Opinion October 31, 1968). No sound reason was advanced for its admission into evidence and it was properly excluded. Moreover, in the face of the ruling the exhibit was withdrawn.

2. Failure of the Commissioner to exclude testimony after objection by the Petitioner.

The petitioner started to describe a conversation with a Mr. Lee. When he was about to relate statements made by Mr. Lee *to him*, he *was interrupted by the* objection of defendant's counsel and the evidence was excluded. At this stage there was no evidence as to who Mr. Lee was or how a conversation with him might be material.

On another occasion petitioner's counsel objected to proper questions asked in cross-examination. The answer elicited was innocuous. The point is frivolous and requires no discussion. No error is shown.

3. The decree is erroneous at law in that it is based on the misapprehension of undoubted facts.

It was incumbent upon the petitioner to satisfy the Commissioner by credible evidence that he received a "personal injury by accident arising out of and in the course of his employment." 39 M.R.S.A. Sec. 51. Petitioner's claim of injury was uncorroborated. It is apparent that his testimony did not persuade the Commissioner and in fact was disbelieved. The Commissioner was not satisfied that there was any "unusual event" or any "causal connection between what he said occurred * * * and the symptoms that he suffered, according to his story, subsequent thereto." Minor and insignificant variations between the Commissioner's lengthy review of the testimony and the testimony itself clearly reflect no misapprehension on the part of the Commissioner as to the substantial import of the testimony.

"It is the right and duty of the Commission, under the statute, to find the facts, and if the Commission has considered all the competent evidence and there is competent evidence on which to base the decision, the decision is final. *It is also final if the Commission decides there is a lack of probative evidence.* Whether a claimant has sustained the burden of proof is the problem of the Commission. It is a question of fact which cannot be disturbed by this court." (Emphasis supplied) Houle, Aplt. v. Tondreau and Aetna (1952) 148 Me. 189, 193, 91 A.2d 481, 483.

Appeal denied.