UNITED STATES of America,
Plaintiff-Appellee,

v.

Bobby Ray GOLDEN,
Defendant-Appellant.

No. 81–1001.

United States Court of Appeals,
Tenth Circuit.

Submitted Sept. 31, 1981.

Decided Feb. 8, 1982.

Certiorari Denied April 5, 1982.
See 102 S.Ct. 1777.

Stanley D. Monroe, Larry A. Gullekson of Frasier, Frasier & Gullekson, Tulsa, Okl., for defendant-appellant.

James P. Turner, Acting Asst. Atty. Gen., Jessica Dunsay Silver and James W. Clute, Attys., Dept. of Justice, Washington, D. C., and Hubert H. Bryant, U. S. Atty., N. D. Okl., Tulsa, Okl., for plaintiff-appellee.

Before McWILLIAMS, BREITENSTEIN and McKAY, Circuit Judges.

McKAY, Circuit Judge.

Bobby Ray Golden, a police officer in Nowata, Oklahoma, was convicted by a jury of violating 18 U.S.C. § 242,[1] which makes criminal the willful deprivation of constitutional rights by any person acting under color of law. He was sentenced to serve one year in prison, with all but sixty days suspended, and five years probation.

On appeal, Mr. Golden challenges his conviction on the grounds that (1) there was insufficient evidence to sustain a finding of guilt beyond a reasonable doubt; (2) the trial court erroneously admitted hearsay testimony; and (3) the trial court erroneously admitted physical evidence and failed to properly admonish the jury to disregard an allegedly improper demonstration by the prosecutor.

## I. Sufficiency of the Evidence

Appellant alleges that the evidence was insufficient to support a finding of guilt beyond a reasonable doubt on an essential element of a violation of 18 U.S.C. § 242. Appellant was charged in the indictment with willfully striking, beating, and assaulting the victim, and thereby violating his constitutional right not to be deprived of liberty without due process of law. Record, vol. 1, at 6. The Due Process Clause grants a person the "right not to be treated with unreasonable, unnecessary or unprovoked force by those charged by the state with the duty of keeping accused and convicted offenders in custody." *United States v. Stokes*, 506 F.2d 771, 776 (5th Cir. 1975); *see also United States v. Villarin Gerena*, 553 F.2d 723 (1st Cir. 1977). On appeal, Mr. Golden claims that the evidence did not establish that he used excessive and unnecessary force in violation of the victim's constitutional due process rights.

In an appeal challenging the sufficiency of evidence to support a jury verdict of guilty, the Supreme Court has stated that the test is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). *See United States v. Morris*, 612 F.2d 483, 492 (10th Cir. 1979). Viewing the evidence in this manner, the facts show that the victim was stopped by Officer Golden for allegedly running a red light at 2:00 a.m. In the

---

1. 18 U.S.C. § 242 reads:

 Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000 or imprisoned not more than one year, or both; and if death results shall be subject to imprisonment for any term of years or for life.

ensuing discussion, Officer Golden hit the victim with his flashlight, causing severe injuries that required eight stitches. There was controverted evidence that the victim resisted arrest and that Officer Golden struck the victim only to subdue him. However, the jury apparently did not believe this evidence. On appeal, Officer Golden has not pointed out a lack of evidence to show that he willfully used excessive force. Instead, appellant has merely pointed out the substantial conflicts in the evidence presented at trial. However, it is not this court's function to weigh conflicting evidence nor to consider the credibility of witnesses. *United States v. Petersen*, 611 F.2d 1313, 1317 (10th Cir. 1979), *cert. denied*, 447 U.S. 905, 100 S.Ct. 2985, 64 L.Ed.2d 854 (1980); *United States v. Gibbons*, 607 F.2d 1320 (10th Cir. 1979). It is the jury's responsibility "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). From our review of the record, we conclude that there was substantial evidence to support the jury's finding that Mr. Golden's use of force was unjustified and excessive and therefore constituted a willful deprivation of the victim's constitutional rights.

## II. Hearsay Evidence

Mr. Golden alleges that the trial court erroneously admitted into evidence testimony concerning the victim's statements to his grandmother pursuant to the excited utterance exception to the hearsay rule. Fed.R. Evid. 803(2). He also argues that the grandmother's testimony was cumulative, and therefore admitted in violation of Rule 403 of the Federal Rules of Evidence.

Rulings on evidentiary matters are committed to the discretion of the trial judge and will not be reversed on appeal unless it is shown that the ruling was a clear abuse of discretion or that it affected the substantial rights of the defendant. *United States v. Carranco*, 551 F.2d 1197, 1199–1200 (10th Cir. 1977); Fed.R.Crim.P. 52(a).

 An excited utterance is an exception to the general rule that hearsay testimony is not admissible into evidence. It is defined as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Fed.R.Evid. 803(2). The evidence shows that after the altercation, the victim drove twelve miles to his grandmother's house at speeds of approximately 120 miles per hour. Upon his arrival he related what had happened to him and said he feared for his life. Appellant argues that the trial court erred in admitting this testimony because the conversation was hearsay and occurred too remote in time from the assault to fall within the excited utterance exception. However, the victim's statement to his grandmother occurred within fifteen minutes of the startling event, immediately after a high-speed flight from the scene of the assault. The facts presented indicate that there was no reason to suspect that the victim was no longer "under the stress of excitement caused by the event" when he spoke with his grandmother. Therefore, the court did not err in admitting testimony concerning this conversation under the excited utterance exception to the hearsay rule.

 Section 403 of the Federal Rules of Evidence provides that relevant evidence may be excluded because of "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Although the grandmother's testimony paralleled that of the victim, we do not believe that the trial judge abused his discretion in refusing to exclude it under Rule 403.

## III. Physical Evidence and Demonstration

 Mr. Golden argues that the trial court erred in admitting into evidence the same type of flashlight used in the assault. Trial judges have discretion to decide whether an adequate foundation has been laid for the admission of evidence. *United States v. Carranco*, 551 F.2d 1197, 1199–1200 (10th Cir. 1977). During trial, a defense witness who was riding with Officer

Golden and was present during the assault described the flashlight and identified the government's exhibit as a flashlight similar to that used by Mr. Golden. Furthermore, an FBI agent testified that he had interviewed Officer Golden and that Mr. Golden told him he had a seven-cell kel-light flashlight with him when he approached the victim's truck. The agent further testified that the government exhibit was a seven-cell kel-light flashlight. Based on this evidence, the trial court in this case did not err in determining that a proper foundation was established for admitting the flashlight into evidence.

Appellant also contends that the trial court erred in failing to admonish the jurors to disregard the prosecutor's use of the flashlight in questioning a witness about the degree of force used in the assault. After a defense witness testified that Mr. Golden "thumped" the victim with a flashlight on the back of the head, the prosecutor struck the back of a chair with the flashlight in an effort to determine what the witness meant when he used the word "thump." The court sustained an objection to this action but did not admonish the jury to disregard it. Appellant argues that this affected his substantial rights and therefore required that his conviction be reversed. Trial judges also have discretion to determine how to correct improper conduct during the course of trial. *Rogers v. United States*, 411 F.2d 228, 230 (10th Cir. 1969). We are not persuaded that the prosecutor's conduct affected the defendant's substantial rights in this case. Therefore, the court's failure to admonish the jury does not constitute reversible error.

In conclusion, we find that none of appellant's allegations of error has merit, and accordingly, the judgment of the district court is AFFIRMED.