**STATE of Maine**

v.

**Steven LAFRANCE.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 8, 1991.
Decided April 8, 1991.

Janet Mills, Dist. Atty., Auburn, for plaintiff.

Jeffrey M. Sullivan, Berman, Simmons & Goldberg, Lewiston, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, COLLINS and BRODY, JJ.

BRODY, Justice.

Defendant Steven Lafrance appeals from his conviction entered in the Superior Court (Androscoggin County, *Alexander, J.*) after a jury found him guilty of unlawful sexual contact in violation of 17–A M.R.S.A. § 255(1)(C) (Supp.1990).[1] He contends that the court erred in admitting certain hearsay statements over defense counsel's objection. We agree and vacate the judgment.

Lafrance was indicted for unlawful sexual contact with Christina G. when she was thirteen years old and he was thirty. The events giving rise to the indictment took place on the night of August 22, 1989, in the Lewiston apartment shared by Christina, her mother, her younger brother and sister, and Lafrance, who was divorced from Christina's mother. Christina testified that after her family had gone to bed, Lafrance made sexual advances toward her and, despite her attempts to fend him off, touched her breasts and genital area through her clothes. In addition, she testified that she awoke later that night to find Lafrance kneeling beside her bed with his hand on her breasts.

At the trial held on June 13, 1990, the jury also heard testimony from Diane Ouellette, the mother of one of Christina's friends. Over defense counsel's objection on hearsay grounds, the court permitted Ouellette to testify that shortly after the incident in question Christina related to her in detail the same story that Christina told on the witness stand. Ouellette testified that Christina was planning to spend the night at Ouellette's apartment on August 23, 1989, but that Christina's mother would not allow it. According to Ouellette, Christina became visibly upset at the prospect of having to return to her own home. Ouellette testified that Christina then

---

1. 17–A M.R.S.A. § 255(1)(C) provides that "[a] person is guilty of unlawful sexual contact if the person intentionally subjects another person to any sexual contact, and ... [t]he other person, not the actor's spouse, has not in fact attained the age of 14 years and the actor is at least 3 years older."

blurted out the details of what had transpired the night before between her and Lafrance.[2] Christina's out-of-court statement to Ouellette was admitted as both a first report and an excited utterance.

On appeal, Lafrance argues that the trial court erred in allowing Ouellette to testify as to Christina's statement. In general, the out-of-court statement of a prosecutrix may be admissible on any of three distinct grounds: (1) to show that in fact a complaint has been made, (2) to prove the truth of the matter asserted if the statement qualifies as an excited utterance, and (3) to rebut a charge of recent fabrication or improper motive. *State v. True*, 438 A.2d 460, 464 (Me.1981). Lafrance contends, however, that Christina's statement was far too detailed to have been admissible on the first ground as a so-called first report. He also contends that Christina's statement was not sufficiently spontaneous to have been admissible as an excited utterance. The third ground has no relevance to this appeal.

Christina's statement to Ouellette clearly was not admissible as a first report. The fact that a complaint has been made is generally admissible only to corroborate the victim's testimony, not to prove the crime. *Id.; State v. King*, 123 Me. 256, 258, 122 A. 578, 579 (1923). Accordingly, only the bare *fact* of the complaint is admissible, while the *details*, including the identity of the perpetrator, are not. *State v. True*, 438 A.2d at 464–65. Because Ouellette was permitted to testify in detail as to Christina's statement to her, the testimony went far beyond the limited first report exception to the inadmissibility of a prosecutrix's out-of-court statement. The court erred, therefore, in admitting Christina's statement to Ouellette as a first report.

For Christina's out-of-court statement to have been admissible, it must have come within the excited utterance exception to the hearsay rule. An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." M.R.Evid. 803(2). Before admitting a hearsay statement as an excited utterance, the court must find that (1) a startling event occurred, (2) the statement relates to the event, and (3) the declarant was still under the stress of excitement caused by the event. *State v. Walton*, 432 A.2d 1275, 1277 (Me.1981). "A statement given under the stress of anything other than the *excitement* caused by the startling event is not admissible." *State v. True*, 438 A.2d at 465 (emphasis in original). "The stress of conscience, of guilt, or of fear are not to be equated with 'stress of excitement.'" *State v. Walton*, 432 A.2d at 1277. The trustworthiness of an excited utterance rests upon the assumption that the startling event produces a statement that is "spontaneous and unreflecting" and made "before there has been time to contrive and misrepresent." *State v. Ellis*, 297 A.2d 91, 93–94 (Me.1972).[3]

---

**2.** The record contains the following colloquy between the State's attorney and Ouellette:

> Q. Did she blurt out basically what had gone on between herself and Stephen Lafrance?
> A. Yes.
> Q. What did she say, please?
> A. She had said that one night when her mother went up to bed that he had touched her in private places on the couch while watching tv—downstairs while watching tv and that she had said no and then she went upstairs to her room and he followed her apparently up there and tried to touch her private places again and she yelled no and he finally left the room.

(Trial Transcript at 67–68).

**3.** We note that other jurisdictions have judicially extended the time frame for excited utterances made by children younger than Christina who have been sexually abused or assaulted on the ground that their statements tend to be more reliable for a longer period of time than those of adults. *See, e.g., People v. Sandoval*, 709 P.2d 90 (Colo.Ct.App.1985) (upholding admission of statement by ten-year-old victim to neighbor fourteen hours after sexual assault); *People v. Clark*, 164 Mich.App. 224, 416 N.W.2d 390 (1987) (upholding admission of statement by nine-year-old victim to mother on morning following criminal sexual conduct); *State v. Creighton*, 462 A.2d 980 (R.I.1983) (upholding admission of statement by nine-year-old victim to police detective fourteen hours after sexual assault); *State v. Woodward*, 32 Wash.App. 204, 646 P.2d 135 (1982) (upholding admission of

Christina's statement to Ouellette was not admissible as an excited utterance. There is no competent evidence in the record to support the court's presumed finding that the statement was made while Christina was still under the stress of excitement caused by Lafrance's alleged unlawful sexual contact. To the contrary, the record reveals that nearly a day had passed between the incident and the statement. The record also demonstrates that Christina had earlier recounted the events of the previous night to a friend, Ouellette's daughter, and that Christina was behaving normally until she learned that her mother would not let her stay overnight at Ouellette's apartment. Finally, the record shows that Christina was experiencing the stress of fear over returning to her own apartment while Lafrance was still living there. Accordingly, it was error for the court to admit Christina's out-of-court statement as an excited utterance.

That error requires reversal of Lafrance's conviction. A properly preserved error in the admission of evidence is treated as harmless and disregarded only if the reviewing court believes it highly probable that the error did not affect the judgment. *State v. True*, 438 A.2d at 467. Because Ouellette testified that shortly after the incident in question Christina related to her in detail the same story that Christina told on the witness stand, we cannot say with fair assurance that the court's error did not substantially influence the jury's verdict. Such testimony "cannot help but have some effect on the minds of a jury" and, where it is not admissible, will almost inevitably prove prejudicial to the defendant. *State v. King*, 123 Me. at 257–58, 122 A. at 578.

Although we need not address Lafrance's remaining contention that the court erred in refusing to use a confidential questionnaire or to individually voir dire the members of the jury panel, we do so briefly in the interest of judicial economy in the event of a subsequent trial and appeal. The principal question posed by the court was whether any prospective juror had had any contact with a case involving sexual misconduct with or abuse of a child either as a witness, victim, or accused, or as a close friend or relative of a witness, victim, or accused. That question was general enough to significantly reduce the risk of juror embarrassment and, correspondingly, the risk of juror bias or prejudice. *See State v. Durost*, 497 A.2d 134, 137 n. 3 (Me.1985). There is no requirement that the court use a written confidential questionnaire in this type of case, nor is the court obligated to individually voir dire the jury panel members. The court's conduct of the voir dire was well within the bounds of its broad discretion. *See id.* at 136.

The entry is:

Judgment vacated. Case remanded to the Superior Court for proceedings consistent with the opinion herein.

All concurring.

statement by five-and-a-half-year-old victim to mother twenty hours after sexual assault); *State v. Padilla*, 110 Wis.2d 414, 329 N.W.2d 263 (Ct. App.1982) (upholding admission of statement by ten-year-old victim to mother three days after sexual assault).