**STATE of Maine**

v.

**John A. TAPLEY.**

Supreme Judicial Court of Maine.

Submitted on briefs Sept. 26, 1991.

Decided Nov. 14, 1991.

---

Michael E. Povich, Dist. Atty. and Steven Juskewitch, Asst. Dist. Atty., Ellsworth, for the State.

Bronson Platner, Ellsworth, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

John A. Tapley appeals his conviction for unlawful sexual contact (17–A M.R.S.A. § 255 (Supp.1990)) following a jury trial in Superior Court (Hancock County, *Browne, A.R.J.*). Tapley contends that the court erred in (1) allowing the victim's mother to testify recounting how the victim initially brought the incident to her attention, (2) admitting a statement of the victim's aunt that Tapley argues is hearsay, and (3) instructing the jury. Finding no reversible error, we affirm the conviction.

The victim, Tapley's niece, testified that in February of 1989, when she was eleven years old, she accompanied her aunt, Karen Tapley (the defendant's sister), to clean Tapley's apartment, and that while she was there Tapley showed her a pornographic magazine and molested her by touching her breasts and vaginal area. Tapley was charged with unlawful sexual contact, two counts of assault (17–A M.R.S.A. § 207 (1983)), and furnishing liquor to a minor (28–A M.R.S.A. § 2081 (Supp.1990)). Tapley's motion for judgment of acquittal was granted as to the charge of furnishing liquor to a minor. He was acquitted of one assault charge and the other assault charge was dismissed after trial, leaving his unlawful sexual contact conviction as the sole issue on appeal.

## I.

Tapley first contends that the court erred in admitting testimony by the victim's mother as to how the victim brought the incident to her attention. When the victim's mother (also Tapley's sister) was asked how she first learned of the event, she said:

A. When [the victim] and [a friend] got back from a walk she comes in through the door and says my brother is a pervert or something like that and I say why.

Tapley argues that the evidence went beyond the confines of the first complaint rule,[1] was inadmissible hearsay, and was unduly prejudicial.

---

1. Under the so-called first complaint rule, a victim's out-of-court statement to a third party reporting a sexual crime is admissible as part of the State's case in chief solely for the purpose of forestalling "the natural assumption that in the absence of a complaint, nothing [improper] has occurred." *State v. Calor,* 585 A.2d 1385, 1387 (Me.1991); *State v. True,* 438 A.2d 460, 464 (Me.1981). Because the purpose of allowing evidence of a first complaint is to contradict an assumption that nothing happened if there is no complaint, and not to prove the elements of the crime, *State v. Lafrance,* 589 A.2d 43, 45 (Me.

1991), details of what was said in the complaint are not admissible and their admission can constitute obvious error. *True,* 438 A.2d at 469; *see also State v. King,* 123 Me. 256, 257, 122 A. 578 (1923).

The trial court should take special care before admitting evidence of a first complaint. Only the *fact* that a complaint was made should be admitted and details of that complaint, including the identity of the perpetrator, should be kept from the jury. *See, e.g., State v. Calor,* 585 A.2d 1385, 1387 (Me.1991) (careful limitation by

When the question was first asked, but before the witness answered, Tapley objected. When the prosecutor stated that the expected testimony fell within the first complaint rule, Tapley did not press his objection further, and once the testimony was admitted, Tapley did not move to strike that statement. Therefore, we review the ruling only for obvious error. *State v. True*, 438 A.2d 460, 467 (Me.1981); M.R.Crim.P. 52(b); M.R.Evid. 103(a), (d); Field & Murray *Maine Evidence* § 103.6 (2d ed. 1987). When determining if there is obvious error, we must examine "all of the circumstances of the case at hand to determine whether the inadmissible evidence received at trial without objection was in its probable effect on the jury, 'a prejudicial error tending to produce manifest injustice.'" *True*, 438 A.2d at 467 (quoting *State v. Baker*, 409 A.2d 216, 219 (Me. 1979)).

The admission in this case of the victim's mother's testimony that the victim referred to Tapley as a pervert does not rise to the level of obvious error. The statement does not mention the crime and recites no details. Indeed, it is not even clear that the statement was connected to or directed at the sexual touchings that constituted the unlawful sexual contact. It is certainly plausible that the victim may have been referring to the fact that Tapley showed her a pornographic magazine.[2] The statement was not so seriously prejudicial that it produced manifest injustice.

## II.

The court also allowed the victim's mother to testify (this time over Tapley's preserved objection) that when she told Karen of the victim's allegation against Tapley, Karen "said that she couldn't be-

lieve ... couldn't believe that [the victim] didn't like it." Tapley contends that the mother's testimony constitutes inadmissible hearsay. *See* M.R.Evid. 801(c), 802.[3] We disagree.

The evidence as to Karen's reaction was offered, not for the truth of the matter, i.e., that Karen couldn't believe that the victim did not like the touchings, but to impeach the testimony of Karen, who, despite being called as a witness for the State, testified that she closely watched the victim and saw no misconduct. Because the evidence was offered for a limited purpose, it was not hearsay and was admissible. *See State v. Liberty*, 478 A.2d 1112, 1116 (Me.1984); *see also* Field & Murray, *Maine Evidence* § 801.4 at 304 (2d ed. 1987).

## III.

Finally, Tapley argues for the first time on appeal that the court erred in its instruction to the jury on the meaning of the phrase "beyond a reasonable doubt." Because he failed to object to the instruction at trial, we review Tapley's contention only for obvious error. *State v. Estes*, 418 A.2d 1108, 1117 (Me.1980); M.R.Crim.P. 52(b). Upon review of the instruction in its entirety, we discern no obvious error.[4]

The entry is:

Judgment affirmed.

All concurring.

the court concerning testimony of first complaint).

**2.** A few days after the incident, the victim's parents went to Tapley's apartment and retrieved the magazine that the victim had testified Tapley showed her.

**3.** M.R.Evid. 801(c) provides:

(c) **Hearsay.** "Hearsay" is a statement, other than one made by the declarant while testify-

ing at the trial or hearing, offered in evidence to prove the truth of the matter asserted.
M.R.Evid. 802 provides in pertinent part:
Hearsay is not admissible except as provided by law or by these rules.

**4.** For a definition of "reasonable doubt" approved by this court, see *State v. Estes*, 418 A.2d 1108, 1116 (Me.1980). *See also* Alexander, *Maine Jury Instruction Manual* 6–8 (2d ed. 1990).