STATE of Maine,

v.

Randall ROBERTS a/k/a Richard Felt.

Supreme Judicial Court of Maine.

Argued March 4, 1994.
Decided April 25, 1994.

Stephanie Anderson, Dist. Atty., Edmund Folsom (orally), Deputy Dist. Atty., Thomas Marjerison, Asst. Dist. Atty., Portland, for State.

Seth Berner (orally), Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS,* RUDMAN and DANA, JJ.

CLIFFORD, Justice.

Defendant Randall Roberts (a/k/a Richard Felt) appeals from judgments of conviction entered in the Superior Court (Cumberland County, *Brennan, J.*) after jury verdicts finding him guilty of three counts of gross sexual assault, 17–A M.R.S.A. § 253(1)(B) (Supp. 1993), and two counts of unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C) (Supp.1993). He contends that questions and statements by the prosecutor deprived him of a fair trial. Roberts also appeals from the imposition of concurrent twenty-year sentences for each count of gross sexual assault, contending that they are excessive.[1] We find no merit in Roberts's contentions and affirm the convictions and the sentences.

## I.

■■ Roberts first argues that at his trial the State, in its cross-examination of Roberts, implied that a child witness knew about additional sexual misconduct committed by Roberts and that the witness could testify about that conduct. Second, Roberts points to statements in the State's closing argument and asserts that they prejudiced the jury against him. These actions by the State, Roberts contends, deprived him of a fair trial. We disagree. Neither the questions during cross-examination, nor the comments of the prosecutor during closing argument were objected to by Roberts. Therefore they are reviewed only for obvious error. *State v. Marshall,* 628 A.2d 1061, 1061 (Me.

1993). Looking at all the circumstances of the case at hand, the State's questions and its closing argument would constitute obvious error only if, in its probable effect on the jury, it "tend[s] to produce manifest injustice." *State v. Tapley,* 598 A.2d 1190, 1192 (Me.1991) (citations omitted). Our review of the record discloses nothing approaching obvious error in the State's questioning of witnesses. Although some of the wording of the State's closing argument is difficult to reconcile with the issues involved in the case,[2] it does not rise to the level of obvious error. *State v. Walsh,* 558 A.2d 1184, 1187 (Me. 1989). Therefore, we affirm Roberts's convictions.

## II.

■■ Roberts also challenges the propriety of the concurrent twenty-year sentences imposed for each count of gross sexual assault, and contends they are excessive. Review of sentences is governed by 15 M.R.S.A. § 2154, 2155 (Supp.1993). Gross sexual assault is classified as a Class A offense. *See* 17–A M.R.S.A. §§ 253(4), 1252 (1983 & Supp.1993).

■■ In imposing a sentence, the trial court must make three separate determinations. *See State v. Hewey,* 622 A.2d 1151, 1154 (Me.1993). It first must decide, based solely on the nature and seriousness of the offense, the basic period of incarceration.[3] *Id.* In doing so, the court should compare the defendant's conduct on a scale of seriousness against all the possible means of committing that crime and determine where on the scale it ranks. *See State v. Michaud,* 590 A.2d 538, 542 (Me.1991); *State v. Hallowell,*

---

* Collins, J., sat at oral argument and participated in the initial conference, but retired before this opinion was certified.

1. Roberts was granted leave to appeal the sentences. *See* 15 M.R.S.A. § 2152 (Supp.1993); M.R.Crim.P. 40.

2. The State contends that there were errors in the trial transcript, particularly in the portion covering the State's closing argument. In the absence of an order to correct the transcript, however, *see* M.R.Crim.P. 39(g), we are bound to accept the record as it is presented. *See State v. Pelletier,* 534 A.2d 970, 973 (Me.1987); *State v. Gribbin,* 360 A.2d 517, 518 (Me.1976).

3. Inherent in determining the basic period of incarceration for a Class A offense is establishing whether the statutory maximum sentence that can be imposed for that offense is twenty years or the extended range of forty years, and fixing the basic period of incarceration within that limit. *State v. Shackelford,* 634 A.2d 1292, 1295 (Me.1993). The State does not contend that the Class A gross sexual assaults committed in this case are in the category of Class A offenses for which a sentence in excess of twenty years could be imposed. *See State v. Lewis,* 590 A.2d 149, 151 (Me.1991).

577 A.2d 778, 781 (Me.1990). That determination is reviewed for misapplication of principle. *Hewey,* 622 A.2d at 1155; *Hallowell,* 577 A.2d at 781. Having set the basic period of incarceration, the court must then determine the maximum period of incarceration. The third and final determination for the court to make is the final sentence, when the court must consider whether to suspend a portion of the maximum period of incarceration and require a defendant to serve a period of time on probation. *Hewey,* 622 A.2d at 1155. In determining the maximum period of incarceration and the final sentence, the court should consider the aggravating and mitigating circumstances peculiar to the offender. *Id.* at 1154. Aggravating factors can include prior criminal conduct on the part of the defendant, a lack of remorse, and other circumstances indicating a high probability of reoffense. *Id.* Mitigating factors may include a lack of prior criminal conduct and true remorse, indicating a favorable prospect of rehabilitation and a lesser likelihood of reoffense. *Id.* In recognition of the trial court's unique position in evaluating the circumstances of the offender and the aggravating and mitigating factors, the trial court's determination of the maximum period of incarceration and the final sentence are accorded a greater degree of deference than is the determination of the basic sentence. *Id.* at 1155.

The court in this case conducted its sentencing determination in an exemplary manner. First, the court took note of the fact that twenty years was the longest period of incarceration that could be imposed for the type of gross sexual misconduct involved here.[4] The court then determined, considering all the ways that gross sexual assault can be committed, that Roberts's behavior ranked somewhere in the middle range of the twenty-year Class A offenses, and set the basic periods of incarceration at ten years.

Next, the court considered the relevant aggravating and mitigating factors in determining the maximum period of incarceration.

It found no mitigating circumstances, but did find serious aggravating factors, including a fourteen-year prior criminal history and little acceptance of responsibility or remorse for the offenses involved in this case or for the prior convictions, which also involved improper conduct with children.[5] The court concluded that those aggravating factors, which demonstrated little prospect of rehabilitation, and a need to protect the public warranted elevating the ten-year basic periods of incarceration to a maximum period of incarceration of twenty years for each count of gross sexual assault.

Finally, the court decided not to impose consecutive sentences[6] and, because the prospect for rehabilitation was slim and there existed a need to protect the public, declined to suspend any portion of the maximum periods of incarceration for purposes of placing Roberts on probation. The court properly applied sentencing principles to determine the basic periods of incarceration of ten years. Further, the court appropriately exercised its discretion and enhanced the basic periods to twenty-year maximum periods of incarceration with no portion of the sentences suspended and no probation. The factors listed by the court in its sentencing determination are supported by evidence in the record. The court properly exercised its discretion in imposing the final sentence of twenty years.

The entry is:

Judgments affirmed.

Sentences affirmed.

All concurring.

---

4. *See supra* note 3.

5. Roberts's record included convictions charges of kidnapping and indecent assault and battery on a child.

6. 17–A M.R.S.A. § 1256 (1983 & Supp.1993) governs consecutive sentences.