**STATE of Maine**

v.

**Gene McLAUGHLIN.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 28, 1994.
Decided May 26, 1994.

Michael Cantara, Dist. Atty., David Gregory, of counsel, Alfred, for State.

Joseph M. Wrobleski, Jr., Biddeford, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

RUDMAN, Justice.

Gene McLaughlin appeals from the judgment entered in the Superior Court (York County, *Cole, J.*) after the court rejected McLaughlin's appeal from his conviction in the District Court (Biddeford, *Saufley, J.*) for assault. 17–A M.R.S.A. § 207 (1990). McLaughlin challenges the admission of certain testimony on the ground that it was hearsay, and contends that the evidence was insufficient to negate the defense of justification. We hold that the District Court's finding that the challenged testimony was an excited utterance was not clearly erroneous and reject McLaughlin's challenge to the sufficiency of the evidence. We therefore affirm the judgment entered in the Superior Court.

On December 28, 1992, Gene McLaughlin was involved in a domestic dispute with his fiance, Christina Cookson. An argument about dinner for McLaughlin's children escalated into an exchange of foul language, and then into a shoving match. Neither Cookson nor McLaughlin could recall who started the shoving. After McLaughlin threw a beer can at Cookson (and missed), and Cookson dug her fingernails into McLaughlin's arms, leaving scars, McLaughlin gathered his children and began to leave Cookson's home. As he left the house, Cookson pushed him from behind and knocked him over. McLaughlin got up, grabbed Cookson by the throat, threw her to the couch, and shouted at her to "have some respect for my kids."

At trial, the State offered testimony by Cookson and two police officers. Cookson was an obviously reluctant witness; she and McLaughlin plan to be married. Cookson's testimony, despite her best efforts, established the exchange of insults, scratches, and shoves. Cookson also testified that McLaughlin, in response to a parting shot from Cookson, grabbed her by the throat, and threw her to the couch. McLaughlin finally left and Cookson called the police.

Police officer Robert Perkins testified, over McLaughlin's hearsay objection, that Cookson told him at the scene that McLaughlin had thrown beer cans at her, smashed the kitchen table and chair, and choked her. McLaughlin moved for acquittal at the close of the State's evidence. The motion was denied.

McLaughlin then called his sister to testify in his defense and she recounted essentially the same story, except she stated that McLaughlin first grabbed Cookson by the shoulders and Cookson pushed him away. McLaughlin's sister also testified that McLaughlin had left the house, then returned in response to Cookson's parting shove, grabbed her by the throat and threw her to the couch. McLaughlin also testified, and admitted that he had not been defending himself when he shoved Cookson, but was simply reacting to being shoved by her. He admitted shoving her "by the throat."

The District Court convicted McLaughlin, finding that the initial dispute was a mutual shoving match, but that McLaughlin committed an assault when he re-entered the house and grabbed Cookson by the throat. The court found that McLaughlin's self-defense contention had been negated beyond a reasonable doubt. McLaughlin appealed to the Superior Court, which affirmed the conviction, and ruled that the District Court's findings were not clearly erroneous. McLaughlin appeals.

### 1. The Testimony by Officer Perkins

Officer Perkins's testimony relating statements made by Cookson at the scene of the arrest was admitted in evidence pursuant to the excited utterance exception to the hearsay rule. M.R.Evid. 803(2). McLaughlin contends that after ten minutes Cookson was no longer under the stress of the events and therefore her statements were not admissible as excited utterances.

The Maine Rules of Evidence provide that a statement is admissible although it is hearsay, if it is a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." M.R.Evid. 803(2). Before admitting such a statement, the court must find three things: "(1) that a startling event occurred; (2) that the hearsay statement related to the startling event; and (3) that the hearsay statement was made while the declarant was under the stress of *excitement caused by that event.*" *State v. Walton,* 432 A.2d 1275, 1277 (Me.1981). "The crucial question is how long the state of excitement may be found to last. *This is a preliminary question for the judge.*" M.R.Evid. 803 adviser's note (emphasis added).

■ There is no bright-line time limit for the requisite state of excitement. Rather, the determination is left to the judge's discretion. *State v. Leone,* 581 A.2d 394, 398–99 (Me.1990) (no abuse of discretion in exclusion of statements when "many minutes" passed between time of event and time of statements); *State v. Ryne G.,* 509 A.2d 1164, 1168 (Me.1986) (no abuse of discretion in exclusion of exculpatory statement made by

defendant seven minutes after a car accident). In *State v. Lafrance,* 589 A.2d 43, 46 (Me.1991), we vacated a conviction based on the improper admission of hearsay under the excited utterance exception to the hearsay rule, but in that case nearly a day had passed before the statements were made.

■ Decisions by federal circuit courts of appeals interpreting the identical federal rule support the District Court's decision to admit the testimony against McLaughlin. *See Haggins v. Warden, Fort Pillow State Farm,* 715 F.2d 1050, 1058 (6th Cir.1983) (child declarant made statements over an hour after the events); *United States v. Golden,* 671 F.2d 369, 371 (10th Cir.1982) (statements made fifteen minutes after an assault and a "high-speed flight from scene of assault"). The time elapsed between the events and the statement offered as evidence is simply a factor used to determine whether the declarant was still in the necessary state of excitement. Michael H. Graham, *Federal Practice and Procedure* § 6753 (interim ed. 1992). Other factors include the age of the declarant, her physical or mental state, the character of the startling event, and the subject matter of the statements made.

Based on the facts before us, we cannot say that the District Court's finding that Cookson's statements qualified as excited utterances was clearly erroneous. Even if the court had erred, that error would be harmless in that it is highly probable that the error did not affect the judgment. *State v. Lafrance,* 589 A.2d at 46. In this case, Cookson's testimony established the elements of assault—that McLaughlin intentionally, knowingly, or recklessly caused bodily injury or offensive physical contact to her. 17–A M.R.S.A. § 207. She testified to the initially mutual argument and shoving match, and then to McLaughlin's final blow of the evening—the blow for which the court convicted him of assault. Officer Perkins's testimony added nothing that Cookson had not already established.

### II. The Sufficiency of the Evidence

■ McLaughlin also contends that the State failed to negate his justification defense. His appeal invokes review of all the

evidence presented at trial, including the evidence he presented in his defense. *State v. Landry*, 428 A.2d 1204, 1207 (Me.1981) (totality of evidence reviewed on appeal). Any reasonable doubts that the court might have entertained on McLaughlin's behalf were dispelled by his own testimony. While testifying, McLaughlin admitted that he did not act in self-defense when he grabbed Cookson by the throat and threw her to the couch. That admission negates his self-defense justification beyond a reasonable doubt. His challenge to the sufficiency of the evidence is therefore without merit.

The entry is:

Judgment affirmed.

All concurring.