1997 ME 76

**STATE of Maine**

v.

**Mary SPENCER.**

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 26, 1997.

Decided April 15, 1997.

Andrew Ketterer, Attorney General, Mary M. Sauer, Asst. Atty. Gen., Eric F. Wright, Asst. Atty. Gen., Augusta, for State.

John D. Pelletier, Goodspeed & O'Donnell, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendant, Mary Spencer, appeals from the judgments entered in the Superior Court (Kennebec County, *Alexander, J.*) convicting her of two counts of vehicular manslaughter in violation of 17–A M.R.S.A. § 203 (1983 & Supp.1996) and of two counts of (aggravated) operating a motor vehicle while under the influence of intoxicating liquor in violation of 29 M.R.S.A. § 1312–B (Pamph. 1993).

[¶ 2] At the trial, the court admitted, as an excited utterance, a statement made by defendant's eight-year-old son immediately after the accident. The son had been in his mother's vehicle at the time of the automobile accident and his condition was described as "visibly shaking, very upset, scared" and "very emotional, just shaking from head to toe, crying, visibly hysterical." Witnesses testified to his statement "that his mother had been drinking whiskey all day." To admit evidence as an excited utterance, the court must find " '(1) that a startling event occurred; (2) that the hearsay statement related to the startling event; and (3) that the hearsay statement was made while the declarant was under the stress of excitement caused by that event.' " *State v. McLaughlin,* 642 A.2d 173, 175 (Me.1994) (quoting *State v. Walton,* 432 A.2d 1275, 1277 (Me. 1981)). (emphasis omitted); M.R.Evid. 803(2).

[¶ 3] In this case, defendant contends that the son's statement does not relate to the startling event, namely the fatal automobile accident, but rather relates to his mother's drinking throughout the day. The court's implicit finding that the son's statement regarding his mother's behavior was "related to" the accident was not clearly erroneous. The son's statement could reason-

ably be interpreted as a shorthand expression for the fact that his mother was drinking at the time of the accident. The court did not err in applying the excited utterance rule.

[¶ 4] Finally, our review of the record demonstrates that a trier of fact rationally could find beyond a reasonable doubt every element of the offenses charged. *State v. Cotton,* 673 A.2d 1317, 1321 (Me.1996).

The entry is:

Judgments affirmed.